NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3234

GUY C. PATTERSON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

DECIDED:  February 15, 2006

Before RADER, SCHALL, and PROST, Circuit Judges.

PER CURIAM.

DECISION

Guy C. Patterson petitions for review of the final decision of the Merit Systems Protection Board ("Board") that denied his petition for enforcement of the Board's order dated December 4, 2003.  Patterson v. Office of Pers. Mgmt., No. PH-3443-03-0223-C-1, 2005 MSPB LEXIS 1753 (M.S.P.B. Mar. 29, 2005) ("Enforcement Decision").  We affirm.

DISCUSSION

I.

On January 15, 2003, Mr. Patterson applied to the Office of Personnel Management ("OPM") for employment in the position of Freedom of Information/Privacy Act Specialist ("FOIA Specialist"), GS-0301-9/11, at OPM's Federal Investigations Processing Center in Boyers, Pennsylvania. Mr. Patterson sought the FOIA Specialist position under both open competition and merit promotion procedures. Mr. Patterson claimed entitlement to merit promotion procedures because of his prior military service.

When he was not allowed to compete under merit promotion procedures and was not selected for the position, Mr. Patterson filed a complaint with the Department of Labor. After the Department of Labor advised that it could not resolve the matter, Mr. Patterson appealed to the Board, arguing that OPM had violated his rights under the Veterans Employment Opportunity Act of 1998 ("VEOA"), 5 U.S.C. § 3330(a), by not allowing him to compete under merit promotion procedures. He also argued that OPM's violation of his rights under the VEOA was an act of discrimination against him because of his prior military service, which would be a violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4311(a).

In its December 4, 2003 order, the Board determined that, under the VEOA, Mr. Patterson had the right to apply for the FOIA Specialist position under merit promotion procedures. Patterson v. Office of Pers. Mgmt., No. PH-3443-03-0223-I-2, slip op. at 6 (M.S.P.B. Dec. 4, 2003) ("Dec. 4 Decision"). Accordingly, the Board ruled that OPM had violated that right when it did not allow him to apply for the position under those procedures. Id. In addition, because the Board found that "but for his veteran's status,

[Mr. Patterson] would have been considered for a position under merit promotion," the Board concluded that "the agency took its action against this appellant because of his military service." Id., slip op. at 8. Thus, the Board ruled that OPM also had violated USERRA. Id.

Having found violations of the VEOA and USERRA, the Board set about to fashion a remedy in the case. Id., slip op. at 9. Noting that there was no evidence in the record that Mr. Patterson's entitlement to the position was superior to those of the candidate who was actually selected for the FOIA Specialist position, the Board denied Mr. Patterson's request for retroactive promotion to the FOIA Specialist position and back pay. Id. Rather, the Board ordered OPM to reconstruct the merit promotion selection process for the FOIA Specialist position, considering Mr. Patterson as a candidate for the position. Id., slip op. at 9-10. The Board also ordered that, if the reconstruction indicated that Mr. Patterson would have been selected for the FOIA Specialist position, but for his exclusion from the merit promotion procedures, OPM should award him retroactive selection and back pay. Id.

II.

Upon remand, OPM reconstructed the selection process under merit promotion procedures. The certifying official added Mr. Patterson's name to the list of employees certified on the merit promotion certificate and referred Mr. Patterson's application to the selecting official for consideration. Two other individuals were considered along with Mr. Patterson for the FOIA Specialist position; Mr. Patterson was not selected for the position.

Following his non-selection, Mr. Patterson petitioned the Board for enforcement. On March 29, 2005, the administrative judge ("AJ") to whom the matter was assigned issued an initial decision denying the petition. Enforcement Decision. The AJ determined that OPM had established that it had complied with the Board's December 4, 2003 order. The AJ found that OPM had properly reconstructed the selection process for the FOIA Specialist position. Enforcement Decision, 2005 MSPB LEXIS 1753, at *4. The AJ noted that "being on the promotion certificate entitles an individual to be considered for a job but does not guarantee selection," and he stated: "[T]here is no evidence of record indicating that the appellant's entitlement is clearly superior to that of the individual who was appointed." Id. at *3-4. The Enforcement Decision became the final decision of the Board on May 3, 2005, when Mr. Patterson failed to file a petition for review with the Board. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

III.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs. 153 F.3d 1357, 1361 (Fed. Cir. 1998).

On appeal, Mr. Patterson makes essentially two arguments. The first is that the Board erred with respect to the remedy it fashioned in its December 4, 2003 order. According to Mr. Patterson, once the Board determined that OPM had violated his

VEOA rights and thereby discriminated against him by not allowing him to compete under merit promotion procedures, it should have awarded him what he says is "the statutorily prescribed remedy" of placement in the FOIA Specialist position and back pay. We do not agree. What Mr. Patterson overlooks is the fact that the VEOA violation that the Board found was failure to <u>consider</u> Mr. Patterson for the FOIA Specialist position under merit promotion procedures. Under these circumstances, it was entirely proper for the Board remand the matter to the agency so that Mr. Patterson could be considered under those procedures — especially since the Board found that there was no evidence in the record to indicate that Mr. Patterson's qualifications were superior to those of the individual who was selected for the position. The Board's order addressed the harm that it had found. In short, we see no error in the Board's December 4, 2003 order.

Mr. Patterson's second argument on appeal is that the decision of the Board is not supported by substantial evidence. "'Substantial evidence' is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" <u>Dickey v. Office of Personnel Management</u>, 419 F.3d 1336, 1339 (Fed. Cir. 2005) (quoting <u>Consol. Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). Having reviewed the record before us, we are satisfied that the Board's decision that OPM complied with the December 4, 2003 order is supported by substantial evidence. We therefore reject Mr. Patterson's argument.

For the foregoing reasons, the final decision of the Board is affirmed.

Each party shall bear its own costs.